[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14898
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00314-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL E. ISRAEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 19, 2016)

Before HULL, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Raul Israel, proceeding *pro se*, appeals from the district court's denial of his

18 U.S.C. § 3582(c)(2) motion to reduce his sentences based on Amendment 782 to the Sentencing Guidelines.  Israel was sentenced to 500 months' imprisonment for conspiracy to import cocaine into the United States and conspiracy to commit money laundering.   Israel argues that Amendment 782 reduces his total sentence.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  We liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  The defendant, as the movant, bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  However, § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  For a defendant to be eligible for such a reduction based on a subsequent amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  U.S.S.G.

§ 1B1.10(a)(1).  Because Amendment 782 is one of the listed amendments that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence.  U.S.S.G. §§ 1B1.10(a)(1), (d).  Amendment 782 revises the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses.  *See* U.S.S.G. App. C, Amend. 782 (2014).  For defendants who possessed over 450 kilograms of cocaine, however, the base offense level remained 38.  *Compare* U.S.S.G. § 2D1.1(c) (1995) *to* U.S.S.G. § 2D1.1(c) (2014).

Nonetheless, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  A district court may not reduce a defendant's term of imprisonment unless a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is inconsistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Hamilton*, 715 F.3d at 337.

The district court did not err in denying Israel's § 3582(c)(2) motion because Amendment 782 does not lower his guideline range.  Retroactively applying Amendment 782 would not decrease Israel's base offense level under U.S.S.G. § 2D1.1(c) because he was held responsible for 10,000 kilograms of cocaine, which still retains a base offense level of 38.  U.S.S.G. § 2D1.1(c).  Accordingly, Amendment 782 does not authorize a reduction in Israel's sentences.  *See Hamilton*, 715 F.3d at 337.  Furthermore, to the extent that Israel challenges his sentences based on the district court's error, such a claim is an extraneous resentencing issue which cannot be addressed in a § 3582(c)(2) proceeding. *Bravo*, 203 F.3d at 82.  Thus, the district court was not authorized to reduce Israel's total sentence under § 3582(c)(2), and we affirm.

**AFFIRMED.**